Green, J.
delivered the opinion of the court.
It appears from the pleadings and proof in this cause, that complainant and the defendant’s testator, Isaac C. Brown and one William B. Buckner entered into a mercantile partnership in 1836. Brown and Buckner were to furnish one thousand dollars each of capital, and the complainant was to give his personal attention to the business, in lieu of capital, and the parties were to share equally. In order to raise money to pay in the capital he was bound to furnish, Brown executed to Ann Wade two notes for $300 each, dated the one the 6th and the other the 26th of July, 1836. These notes were executed in the firm name of Brown, Fletcher & Co. In the latter part of 1837, James F. Fletcher purchased complainant’s interest in said firm and became a partner of Brown & Buckner. The complainant and the defendant as executrix of Brown, have been sued, and the complainant has been compelled to pay one half the amount of the judgments, which have been obtained on said notes; and he now brings this bill to recover the amount so paid for Browm, alledging that the money raised upon the said notes, was raised for Brown’s individual use, and applied by him towards furnishinghis share of the capital stock of the firm, and that said Brown improperly executed the notes in the *387 name of the firm. The defendant answers, and denies, that the said notes were for the individual benefit of Brown: or that the proceeds were applied to his use; but, insists that they were firm debts. She has been surprised at the amount of debts, she has had to pay. It has been a losing business, and she has paid 13000 of the debts.
But the defendant does not ask for an account, nor states that the complainant is liable for any portion of the debts she has paid. The proof makes it clear, that the debts to secure which, the notes in question were executed, were made by Brown for his individual benefit, and the money was applied to his use. He improperly, therefore, used the firm name, in the execution of the notes.
But if the person to whom they were given, was ignorant that the money was borrowed to pay anindividual debt, all the partners were liable.
Hence the complainant could not defend himself against the action of Ann Wade upon the notes.
But, as it now appears that the money thus raised, was applied to the individual use of Brown, his copartner, Fletcher, is entitled to a decree for the amount he has been compelled to pay.
There is proof, that the defendant has paid a considerable amount, in discharge of the debts of the firm of Brown, Fletcher & Co., and her counsel insist that she ought not to be held liable to the complainant for the amount he now claims — as she has paid for the firm much more than her proportion of the debts.
But it does not appear that any of the debts the defendant has paid, were liabilities of the firm, while the complainant was a member of it. He ceased to belong to the company in 1837; and of course was not liable for any debts, contracted after that time. #
Besides, the defendant does not ask an account. If she had filed her cross bill, stating the payment by her, and asking for an account — it would have been proper to have ascertained, whether the complainant as copartner was liable to contribute to the estate of her testator, for such excess of advances by *388 her — and in that event, any sum that may have been found due to her on the partnership account, would have been deducted from the sum claimed by the complainant in this bill.
But the pleadings in this cause, are not framed with a view to such investigation — nor is there any thing in the evidence, that makes it appear, that the complainant is liable for any of the debts the defendant has paid. They all may have been contracted since James F. Fletcher became a member of the firm, and most probably such was the case.
Let the decree be affirmed.